## TRICO PRODUCTS CORPORATION v. PERFECTION PRODUCTS CO. et al.

District Court, E. D. Michigan, S. D.    May 18, 1927.

### No. 1034.

Patents ⬤⟳328—1,522,344, for automatic windshield cleaner, held valid and infringed.

Patent No. 1,522,344, for automatic windshield cleaner for automobiles, *held* valid and infringed.

In Equity. Patent infringement suit by the Trico Products Corporation against the Perfection Products Company and others. Decree for plaintiff.

Barton A. Bean, Jr., of Buffalo, N. Y., and Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., for plaintiff.

Barthel, Flanders & Barthel, of Detroit, Mich., for defendants.

SIMONS, District Judge. The suit is brought for infringement of automatic windshield cleaners, United States patent No. 1,522,344, and also for unfair competition. If the patent is valid, it is admitted that the defendants infringed. The validity of the patent is, however, attacked on the ground that invention is lacking, and that the claims of the patent were anticipated by the several patents issued in the automatic windshield cleaner art to one Folberth.

The plaintiff's device, called the "Trico," is an automatic windshield cleaner comprising an oscillating wiper, a rock shaft, and a

swinging or oscillating vane piston, adapted to receive direct applications of atmospheric pressure; the wiper, rock shaft, and vane piston being directly connected to oscillate simultaneously, and on the same pivotal axis. The prior art contained the Folberth automatic windshield cleaner, operated from the suction of an automobile engine, and comprising a pair of pistons connected by a spacing and connecting member having teeth on it to form a rack, a valve assembly, and valve-actuating members in the ends of the cylinders, and a pull and push rod connected to the valve-actuating mechanism, and extending into one of the pistons, a pinion having teeth engaging the toothed portions of the rack, the pinion being mounted on a shaft mounted in the cylinder, which shaft carried at its outer end the windshield wiper, the two pistons reciprocating in a straight line back and forth, containing the rack carrying the connecting member which engaged the teeth of the piston, translating the reciprocating motion of the piston into an oscillating or swinging motion of the shaft and wiper. The defendant's device is of the swinging or oscillating vane type, and is so identical both in parts and assembly that there can be no question that it is in imitation of plaintiff's structure, and infringes upon it, if valid, even though infringement were not admitted.

Defendant's principal contention is that vane type motors were old, having been used and disclosed in washing machines and in other devices, where the application of fluid pressure was available and desirable; that windshield cleaners, both hand wipers and power-driven wipers, were also old; that the application of a vane type motor to a windshield cleaner is not invention, but is merely the coupling of a motor that will run any kind of machine to a machine that will run with any kind of motor. National Regulator Co. v. Powers Regulator Co. (C. C. A.) 160 F. 461; Pennsylvania Railroad Co. v. Truck Co., 110 U. S. 490, 4 S. Ct. 220, 28 L. Ed. 222.

It is impossible to make application of the rule contended for to the patented device. The wiper, and the piston actuating it, are so integrally a part one of the other that it is impossible to say where the motor ends and the machine begins, or where the machine ends and the motor begins. The various elements comprise one unitary structure to the extent that, if the actuating member is removed, there is left neither machine nor motor.

While the elements comprising the patented structure are not new, the combination is certainly novel, and involved invention. I am of the opinion that the Trico is a true combination, producing, if not a new result, clearly a desirable result in a new and better way than had previously been produced.

The Folberth patents are not in anticipation. The sliding pistons of Folberth, the translation of the power by which these pistons are moved into the oscillating motion of the shaft by means of gears, is certainly not the principle applied by the patentee, nor did it disclose to him the conception of directly communicated fluid power operating a swinging vane integrally connected with the shaft of the wiping member. The great commercial success of the Trico, its imitation by the defendants, rather than an imitation by them of the Folberth device, the period that elapsed in a highly competitive industry between the Folberth disclosures and the invention of the Trico, all point clearly to the presence of invention, and equally negative the fact of anticipation.

The patent being valid, it follows almost inevitably, from the similarity of the parts, their method of assembly, the external resemblance of the defendant's device with that of the structure made under the authority of the patent, extending even to the interchangeability of the two structures upon windshields drilled for the one, that unfair competition is fully disclosed by the record.

The patent in suit is found to be valid and infringed, such infringement to be wanton and deliberate, and a decree may be taken in behalf of the plaintiff, as prayed for in its bill of complaint.